P&P File # M252725

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| =============================== | : | |
| | : | |
| **PATRICIA JACKSON** | : | 2:09-cv-06028 (DMC)(MF) |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | **ANSWER and** |
| | : | **AFFIRMATIVE DEFENSES** |
| **MIDLAND FUNDING, LLC** | : | **OF MIDLAND FUNDING, LLC** |
| **PRESSLER & PRESSLER, LLP,** | : | |
| | : | |
| Defendant | : | |
| | : | |
| =============================== | : | |

**Defendant, Midland Funding, L.L.C**., ("Midland") by way of answer to Plaintiff's complaint (the "Complaint") says:

## INTRODUCTION

1. Defendant neither admits nor denies any factual allegations contained within this paragraph leaves plaintiff to her proofs. As to those allegations which contain legal arguments Defendant makes no response at this time.

## JURISDICTION OF THE COURT AND VENUE

2. Defendant neither admits nor denies any factual allegations contained within this paragraph leaves plaintiff to her proofs. As to those allegations which contain legal arguments Defendant makes no response at this time. As to those allegations not directed to this answering Defendant, no response is required.

## PARTIES

3. Defendant neither admits nor denies that part of this paragraph which makes allegations regarding Plaintiff's domicile and leaves plaintiff to her proofs.

4.	This answering Defendant admits that its headquarters are located at 8875 Aero Drive, San Diego, Cal. As to those allegations which contain legal arguments Defendant makes no response at this time and leaves Plaintiff to her proofs.

5.	As to those allegations not directed to this answering Defendant, no response is required.

## FACTUAL ALLEGATIONS

6.	This answering Defendant denies all allegations which may have been made against it. As to those allegations regarding actions taken by Plaintiff or other third parties, this answering Defendant is without information or belief and leaves Plaintiff to her proofs.

7.	This answering Defendant admits that it purchased the Plaintiff's defaulted Household Bank account and that there was a balance due on the account at the time of purchase.

8.	Defendant neither admits nor denies any factual allegations contained within this paragraph leaves plaintiff to her proofs. As to those allegations which contain legal arguments Defendant makes no response at this time. As to those allegations not directed to this answering Defendant, no response is required.

9.	As to allegations regarding an attorney-client relationship between Pressler and Midland Funding, Midland admits same. As to those allegations regarding actions taken by Plaintiff or other third parties, this answering Defendant neither admits nor denies factual allegations contained within this paragraph leaves plaintiff to her proofs.

10.	Defendant admits that a lawsuit was filed in the Essex County Superior Court of New Jersey, Special Civil Part on or about August 28, 2008, entitled <u>Midland Funding LLC v Patricia Jackson</u> bearing docket number DC-031863-08.  All other factual allegations are denied.

11.	Denied.

12.	Denied.


### FIRST CLAIM: VIOLATION FO THE FAIR DEBT COLLECTION PRACTICES ACT

10.	Defendant repeats and incorporates by reference all responses made in the above paragraphs.

11.	Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

12.	Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

13. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

14. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

15. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

16. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

17. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

**WHEREFORE** Defendant, Midland, hereby requests dismissal of this count of Plaintiff's Complaint with costs and attorney's fees as allowed under the Fair Debt Collection Practices Act 15 U.S.C. §1692k (a)(3) or otherwise by statute or rule of court.

## SECOND CLAIM: INFLICTION OF EMOTIONAL DISTRESS

18. Defendant repeats and incorporates by reference all responses made in the above paragraphs.

19. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

**WHEREFORE** Defendant, Midland, hereby requests dismissal of this count of Plaintiff's Complaint with costs and attorney's fees as allowed under the Fair Debt Collection Practices Act 15 U.S.C. §1692k (a)(3) or otherwise by statute or rule of court.

## THIRD CLAIM: DEFAMATION

20. Defendant repeats and incorporates by reference all responses made in the above paragraphs.

21. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

22. Plaintiff fails to identify against which Defendant(s) the allegations in this paragraph are directed. This answering defendant denies all allegations which may have been made against it.

**WHEREFORE** Defendant, Midland, hereby requests dismissal of this count of Plaintiff's Complaint with costs and attorney's fees as allowed under the Fair Debt Collection Practices Act 15 U.S.C. §1692k (a)(3) or otherwise by statute or rule of court.

**SEPARATE DEFENSES**

1.   Plaintiff fails to state a claim under State or Federal Statutory Law.

2.   Plaintiff fails to states a claim for which relief may be sought.

3.   Any damages allegedly sustained by Plaintiff were a result of actions by 3rd parties over whom this answering defendant had no control.

4.   Any damages allegedly sustained by Plaintiff were the result of the negligence or wrongdoing of the Plaintiff, which negligence or wrongdoing exceeded any alleged wrongdoing of this answering Defendant.

5.   The claims of the Plaintiff relating to events prior to November 11, 2008 are barred by the one year statute of limitations under 15 U.S.C. §1692k(d) as a matter of law.

6.   This answering Defendant violated no duty owed to the Plaintiff.

7.   This answering Defendant reserves the right to amend this answering pleading following the receipt of discovery.

8.   Any harm caused the Plaintiff herein is the result of third parties over whom this Defendant had no dominion or control. Without limitation see 15 U.S.C. §1692a(6)(C).

9.   Defendant complied with all applicable statutes regarding the collection of the underlying debt.

10.  By her own actions and otherwise the Plaintiff herein is not entitled to equitable relief.

11.  Plaintiff failed to take the pre-requisite steps necessary to make a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

12.  The claims of the Plaintiff are barred by 15 U.S.C. §1681h(e).

13.  Defendant made no material misrepresentations.

14.  The FDCPA does not provide for private injunctive relief.

15.  To the extent Plaintiff claims to or did in fact rely upon any representations by Defendant such reliance was unjustified.

16.  Plaintiff did not rely on any representation made by Defendant.

17.  Defendant denies the injuries and damages allegedly sustained by Plaintiff resulted from any actions by Defendant.

18.  Plaintiff is not entitled to punitive damages as a matter of law under 15 U.S.C. §1692 et seq or otherwise generally.

19.  Plaintiff has suffered no damages arising from the acts of Defendant.

20. The Complaint does not describe the claims made against this Defendant with sufficient particularity to enable it to determine what defenses may apply in response to Plaintiff's claims.

21. The Defendant therefore reserves the right to assert all defenses which may be pertinent once the precise nature of the claims at issue is ascertained through discovery.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, Midland Funding demands that plaintiff, within ten (10) days, furnish Defendants with a written statement detailing the amount of damages claimed, including, but not limited to, all concrete damages in the form of out of-pocket expenses, and pecuniary loss, as asserted in the Complaint, and the methodology in assessing such actual damages.

Dated:  February 24, 2010

_____s/Mitchell L. Williamson__
Mitchell L. Williamson, Esq.
Pressler and Pressler, L.L.P.
**Attorneys for Defendant, Midland Funding, L.L.C.**
7 Entin Road
Parsippany, New Jersey 07054
Telephone: (973) 753-5100 / Facsimile:  (973) 753-5354
mwilliamson@pressler-pressler.com