NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA JACKSON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 09-6028 (DMC-JAD) |
| MIDLAND FUNDING, LLC and PRESSLER & PRESSLER, LLP, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

      This matter comes before the Court upon the Motion of Defendants Midland Funding, LLC ("Midland") and Pressler & Pressler, LLP ("Pressler") (collectively, "Defendants") for Summary Judgment. ECF No. 38. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion is **granted**.

**I.     BACKGROUND**

      This matter involves Defendants' attempt to collect a debt, allegedly in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq. Plaintiff Patricia Jackson ("Plaintiff") is an individual residing in Newark, New Jersey. Midland is headquartered in Baltimore, Maryland, and is the current owner of the alleged debt at issue in this matter. Pressler is a New Jersey law firm with offices located in Parsippany, New Jersey.

On January 9, 2008, Midland purchased a portfolio of defaulted credit card accounts from Atlantic Credit and Finance Special Unit, LLC ("Atlantic"), which included an HSBC Bank Mastercard account bearing Plaintiff's name. Defs.' Statement of Material Facts Pursuant to Rule 56.1 ("56.1 Statement") ¶¶ 4,5, ECF No. 38-2. According to Atlantic's records, as of December 20, 2007, the balance of the account due was $4,975.50. Defs.' 56.1 Statement ¶ 6. Plaintiff disputes that this debt existed, stating that the alleged debt was "already paid off," and that Plaintiff "did not owe any money to Household Bank or its successor Midland Funding." Pl.'s Statement of Material Facts Pursuant to Rule 56.1 ("56.1 Statement") ¶¶ 6,7, ECF No. 39-4.

On or about July 21, 2008, Midland forwarded the account to Pressler for collection. Defs.' 56.1 Statement ¶ 13. Defendants unsuccessfully attempted to collect the debt from Plaintiff by written correspondence. Defs.' 56.1 Statement ¶¶ 14-16. Pressler then filed a complaint in the matter entitled Midland Funding LLC v. Patricia Jackson in the Superior Court of New Jersey, Essex County, Law Division, Special Civil Part, bearing docket number DC-031863-08 (the "state court action"). Defs.' 56.1 Statement ¶ 17. Defendants obtained a default judgment against Plaintiff in that action, which Plaintiff later successfully had vacated. Defs.' 56.1 Statement ¶¶ 20, 42, 48. Defendants thereafter voluntarily dismissed the state court action. Defs.' 56.1 Statement ¶ 49.

Plaintiff filed the present action on November 25, 2009, alleging that Defendants' initiation of the state court action violated the FDCPA, because it was an attempt to collect a debt that had already been paid. Compl. ¶ 11, ECF No. 1. The Complaint further alleges that Defendants violated various provisions of the FDCPA by contacting third parties regarding the debt, by attempting to collect a debt when they knew or should have known there was no legal authority to do so, by misrepresenting the character and status of the debt, and by implying that Plaintiff committed a crime

or other conduct in order to disgrace her. Compl. ¶¶ 11-16. Additionally, Plaintiff complains of state law violations, including violations of the New Jersey Consumer Fraud Act ("NJCFA"), and allegations of infliction of emotional distress and defamation. Compl. ¶¶ 17-22.

Defendants now assert that Plaintiff has not presented sufficient facts to demonstrate that the debt was fully paid. Defendants also note that even if Plaintiff could present such evidence, Plaintiff cannot demonstrate that either Pressler or Midland was aware of the status of her account in 2005. Additionally, Defendants state that Plaintiff has no basis for the allegation that third parties were contacted, and that Plaintiff fails to establish any basis for the state law allegations. Plaintiff responds that the debt was in fact paid, relying heavily on a document from American Financial Solutions dated June 15, 2009, showing a payment history for the account at issue and indicating when certain payments were received and issued. Pl.'s 56.1 Statement 1; Ex. C to Pl.'s Opp'n, ECF No. 39-3.

Defendants filed the present Motion on November 1, 2011. Pursuant to an October 27, 2011 Order by the Hon. Joseph A. Dickson, U.S.M.J., Plaintiff was to file Opposition by November 28, 2011. ECF No. 37. Plaintiff did not file Opposition until December 9, 2011.[1] ECF No. 39. Defendants filed a Reply on December 18, 2011. ECF No. 40. The matter is now before this Court.

## II.  LEGAL STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material

---

[1] While the Court could elect not to consider Plaintiff's late filed Opposition pursuant to L. CIV. R. 7.1(d)(7), especially considering that Plaintiff had already requested and been granted an extension to file her papers, the Opposition and Reply will be considered in the interests of completeness.

fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

**III.    DISCUSSION**

At the outset, the Court notes that there is a certain amount of confusion in Plaintiff's Complaint, which is compounded by Plaintiff's failure to clarify her arguments in her Opposition papers. In the First Cause of Action, Plaintiff asserts that "Defendants violated the [FDCPA] 15 U.S.C. 1692(a) by attempting to collect a debt from Plaintiff she does not owe." 15 U.S.C. § 1692(a) does not, however, set forth language creating a cause of action. Rather, Section 1692(a), as part of the Congressional findings and declaration of purpose, states: "There is abundant evidence of the use

of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Plaintiff's Opposition Brief goes on to cite the entire Congressional findings and declarations of purpose, and only generally states that "[t]here is no question that Plaintiff has clearly and succinctly stated a cause of action," thus providing little guidance on how Plaintiff's claims fit within the rubric of the FDCPA. Pl.'s Opp'n Br. 3. The First Cause of Action asserts a number of additional claims under the FDCPA, however, including violations of 15 U.S.C. § 1692g (b) (validation of debts), 15 U.S.C. § 1692e (2) (false or misleading misrepresentations), and 15 U.S.C. § 1692f (1) (unfair practices). The Court will therefore assume that Plaintiff's principle contention – that Defendants attempted to collect a debt that did not exist – seeks relief under these provisions of the FDCPA.

As noted above, Defendants seek to undercut Plaintiff's case by demonstrating that the Plaintiff's primary contention, that Defendants attempted to collect a debt that did not exist, is unsupported by the evidence. On this point, Defendants have brought forward sufficient evidence to satisfy the initial burden of production. Defendants have submitted information forwarded from Midland to Pressler regarding Plaintiff's account, demonstrating a balance of $4,975.50. Certification of Mitchell L. Williamson ("Williamson Cert."), Ex. A, ECF No. 38-9. Defendants have also submitted records from Atlantic, Midland's predecessor in interest, demonstrating that this balance existed on Plaintiff's account at the time of purchase. Affidavit of Pat Minford ("Minford Aff.") Ex. B, ECF No. 38-5. Finally, Defendants have submitted supporting documents and affidavits demonstrating that this balance remained due on the account both on the date of purchase and as late as December 20, 2007. Minford Aff., Ex.'s C, D. With these submissions, Defendants

have satisfied their burden of demonstrating that Plaintiff did in fact owe the alleged debt, and thus, that Defendants did not attempt to collect a debt that was not due.

In opposing the present Motion for Summary Judgment, Plaintiff "may not rely merely on allegations . . . in [her] own pleading; rather, [her] response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original). If the disputed evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249–50 (citations omitted). Plaintiff's Opposition in this matter consists of her own affidavit attesting that the account had been paid in full, and an attached payment history demonstrating several payments made on the account. Certification of Shmuel Klein ("Klein Cert."), Ex.'s A, C, ECF Nos. 39-1, 39-3. Neither of these submissions is sufficient to demonstrate a genuine issue of material fact. First, Plaintiff's affidavit merely restates the allegations that she "never owed the alleged debt," and that the account had been "paid up in full," as set forth in her Complaint, without providing further detail or elaboration. At the Summary Judgment stage, merely relying on conclusory statements and the allegations of the Complaint is insufficient to demonstrate that a genuine issue of material fact exists. See Laabs v. ER Solutions, Inc., No. 10–1539, 2011 WL 1337100, at *2 (W.D. Pa. April 07, 2011) (citing Ridgewood Bd. of Educ. v. N.E. ex rel M.E., 172 F.3d 238, 252 (3d Cir.1999)). While the payment history relied on by Plaintiff does demonstrate that some payments were made on the account over time, it does nothing to demonstrate that the account was in fact paid in full. The issue with the payment history is that it does not demonstrate what the

starting balance was on the account, what the balance on the account was at any time during the payments shown, or what the balance on the account was as of the date of the last payments indicated.  Accordingly, the Court cannot determine from this document whether the account was in fact paid in full, and Plaintiff's conclusory statement that the account was paid is insufficient to permit the Court to make such a determination.

Similarly, Plaintiff has not brought forward sufficient evidence to demonstrate that Defendants violated 15 U.S.C. § 1692g.  Section 1692g (a) requires a debt collection communication to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ." 15 U.S.C. 1692g (a)(3).  Plaintiff complains that Defendants violated Section 1692g (b), which provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Plaintiff's sole allegation related to this Section is that Defendants attempted "to collect a debt from Plaintiff when they knew, or should have known, that they had no legal authority to do so."  Compl. ¶ 13.  Defendants have submitted a copy of the communication required under Section 1692g that

was forwarded to Plaintiff on July 24, 2008. Williamson Cert., Ex. B, ECF No. 38-10. The Complaint does not allege that Defendants failed to send this notification, or that Plaintiff duly notified Defendants in writing of a dispute, or that Plaintiff requested the name of the original creditor, so as to force Defendants to cease collection activities. Accordingly, Plaintiff's claim under Section 1692g fails.

Plaintiff's claim that "Defendants violated 15 U.S.C. 1692c (b) by attempting to collect a debt from Plaintiff by calling third parties" is equally unsupported the evidence. Compl. ¶ 12. Section 1692c (b) states:

> Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

The Complaint fails to identify any third parties that were contacted in this matter. Plaintiff's subsequent submissions to the Court also fail to directly identify which third party was contacted by Defendants in violation of Section 1692c. It appears that at least at one point, Plaintiff argued that Defendants violated this provision by sending mail related to this action to an address that was not hers. Defs.' 56.1 Statement ¶ 79. However, Plaintiff subsequently stated that she does receive mail at that address. Defs.' 56.1 Statement ¶ 106. Plaintiff's Opposition papers do not refute this point. Accordingly, Plaintiff's claim under Section 1692c fails.

Plaintiff's final claim under the FDCPA is that "Defendants violated 15 U.S.C. 1692e (7) of the [FDCPA] by the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." Compl. ¶ 15. Section 1692e (7) provides that

"[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer" is a violation of the FDCPA. Again, aside from the one sentence allegation, the Complaint fails to indicate any other facts to support this claim. Plaintiff has since stated that Defendants violated Section 1692e when one of the Defendants called her and accused her of fraud. Defs.' 56.1 Statement ¶ 88. Plaintiff has provided no factual basis for this allegation. Nor has Plaintiff submitted any argument on this allegation in her Opposition briefing. Accordingly, this claim fails.

Having determined that Summary Judgment will be granted on the FDCPA claims, the Court now turns to the remaining state law claims. Plaintiff has brought this matter before the Court under 28 U.S.C. § 1331, stating that a federal question is presented by Defendants' alleged violations of the FDCPA. Compl. ¶ 2. Plaintiff states that the remaining state law claims are properly brought before this Court under 28 U.S.C. § 1367. Compl. ¶ 2. The Court declines to exercise supplemental jurisdiction over the remaining claims. Those counts are therefore dismissed without prejudice to Plaintiff's right to re-file them in state court. See 28 U.S.C. § 1367(c)(3); Queen City Pizza v. Domino's Pizza, 124 F.3d 430, 445 (3d Cir. 1997) (whether to exercise supplemental jurisdiction after dismissing federal claims "is committed to the sound discretion of the district court.").

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:   June  20 , 2012
Orig.:  Clerk
cc:     All Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.
        File